COFFIN *v.* BLACK.

Opinion delivered December 2, 1899.

1. CONTRACT—AGREEMENT TO BUILD PRACTICAL RAILROAD.—A branch railroad which is operated between certain points, and carries passengers and freight at all times except when the track is overflowed by high water, and which is as good as other branch roads in the state, is a substantial compliance with an undertaking to build a practical railroad between those points, though it has neither turntables nor Ys. (Page 222.)

2. SAME—WAIVER OF PERFORMANCE.—Where an action on a note payable on condition that the payee should build a practical railroad between certain points was defended on the ground that the payee, in certain particulars set forth in the answer, had failed to perform his contract, a failure in a particular not set forth in the answer will be considered waived. (Page 222.)

Appeal from Randolph Circuit Court.

JOHN B. MCCALEB, Judge.

STATEMENT BY THE COURT.

This was an action brought in the Randolph circuit court, June 2, 1897, by Maxwell Coffin against Bunk Black, J. T. Turner, and William De Clerk, on a promissory note given by them, in words and figures as follows, to-wit: "Pocahontas, Ark., May 1, 1896. Six months after date, we, or either of us, promise to pay to Maxwell Coffin, or order, the sum of $300; provided, the said Coffin by that date, or within a reasonable time thereafter, builds, equips, and operates, or causes to be built, equipped, and operated, a practical standard-gauge railroad from Hoxie, in Lawrence county, Ark., to the east bank of Black river, opposite the town of Pocahontas, Randolph county, Ark.; and provided, further, that at the completion and operation of said road as aforesaid, or within a reasonable time thereafter, the said Coffin issues and delivers, or causes to be issued and delivered, to the undersigned paid-up capital stock in said road to above amount; otherwise, this to be void.

[Signed]    Bunk Black, J. T. Turner, Wm. De Clerk." The complaint alleged performance of the conditions of the note on the part of plaintiff, and refusal to pay on part of the defendants.

Defendants answered in three paragraphs, to each of which the plaintiff demurred, in words and figures as follows (omitting caption) to-wit: "Comes the plaintiff, by his attorneys, and demurs to defendant's amended answer herein, as follows, viz.:    To paragraph one, because it does not state facts sufficient to constitute a legal defense to plaintiff's cause of action. To paragraph two, because the facts therein set out do not constitute a legal defense to plaintiff's cause of action.    To paragraph three, because the specifications therein set out are not responsive to the terms of the contract, as set out in plaintiff's complaint, and are not necessary to complete a practical railroad, as set out in said contract."

The court sustained the demurrer to paragraphs one and two, and overruled it as to paragraph three, which is in words and figures as follows, to-wit:    "For further cause of defense defendants deny that the said Coffin has built, or caused to be built and equipped, the kind of railroad described in said contract or mentioned in said complaint, and deny that a railroad of any kind has yet been built and equipped between the points mentioned in said contract and complaint, and that in many material respects plaintiff has failed to perform the things imposed upon him in said contract, as follows, viz.:    (1.) Plaintiff has not built a practical road; the same being submerged and rendered impassable during ordinary high water conditions, not being above overflow.    (2.)    The roadbed is incomplete and unfinished, in the sense of the contract sued on; the building thereof being stopped before it was elevated above the ordinary overflow.    (3.)    The Black river terminal has never been provided with the necessary Ys, turntable, tanks, machine houses, etc., necessary to the completion of a practical railroad, as contemplated in said contract.    Defendants say their signature to said contract was obtained by false representations; that there is a failure of consideration, a non-compliance with the terms of said contract on the part of plaintiff,"—with prayer for judgment.

To the overruling of the demurrer to paragraph three, plaintiff, by attorneys, at the time excepted; and the issue as made by plaintiff's complaint and said paragraph three of defendant's answer was submitted to a jury, which, after a hearing, returned a verdict for the defendants, on which judgment was rendered.

*Coffin & Ponder* and *Cockrill & Cockrill*, for appellant.

Appellant should have been allowed to prove by expert testimony that the road was a *'practical railroad.'* 57 Ark. 387, 394; *ib.* 521–3. *Practical* means "capable of use," "useful." Webst. Dict.; Stand. Dict.; Cent. Dict.; Crabb's Eng. Syn.; 54 Tex. 294. Substantial compliance with the terms of the contract was sufficient to entitle appellant to collect the subscriptions. 1 Elliott, Railroads, 178, 179; 82 Ill. 93; 47 Ohio St. 276; 20 *Id.* 190; 28 S. C. 134; 21 N. E. 981; 3 Jones' Law, 517; 8 Nev. 68; 121 Mass. 29; 84 Mo. 263; 67 Ind. 99; 68 Ill. App. 351; 8 R. I. 564; 24 Mich. 389; 37 Ia. 503–512. The building of the depot from three hundred to five hundred feet from the bank of Black river was a sufficient compliance with the contract to build *"to* the east bank." Stand. Dict., word *'To'*; 64 Ark. 627; 82 Tex. 553; 42 Am. & Eng. R. Cas. 232; 3 Jones, Law, 517. *'To the bank'* is quite different from *'to the river.'* 3 Sumn. 171–9; 13 How. 381–427; 14 Pa. St. 174; 6 Mass. 435; Winf. Adj. Words, "Shore." It was error to admit testimony to extend or vary the terms of the contract. 18 Ind. 68; 34 N. H. 124; 1 Cook, Stock & Stk. Hldrs. §§ 137–8; 1 Gr. Ev. §§ 275, 277, 282; 64 Ark. 653. The second instruction for appellee was erroneous. Ell. Rys. § 117; 47 Ohio St. 276; 79 Ill. 555.

*Bunk Black, J. T. Turner* and *Wm. De Clerk*, appellees, *pro se*:

There is no error in the second instruction. The evidence supports the verdict. The contract calls for the completion, equipping and operation of the road *to the east bank of Black River.* *"Equip"* means *"to furnish for service."* Webst. Dict. The *equipment* of the road included the furnishing of necessary tanks, turntables and "Ys."

HUGHES, J., (after stating the facts.)    The principal con-
tention of the appellees in this case is that the appellant failed
to construct its road so that it was above high water; that in
time of high water in Black river the roadbed was submerged
in places so that the road could not be operated at all times,
and was therefore not a "practical road," in the sense of the
contract.    The evidence is that the road was built from Hoxie
in Lawrence county to a point opposite the town of Pocahontas
in Randolph county,—to a point within from three to five hun-
dred feet of the east bank of Black river,—and that it was oper-
ated and carried freight and passengers between those points
for the greater part of the time, and at all times except when
the track of the road was overflowed in time of high water.  It
appears also from the evidence that the overflows on other roads
in the state frequently cause those roads to suspend, of neces-
sity, the operation of the roads for 40 or 50 days, and that
the road built by the appellant was as good as the branch roads
generally of the St. Louis, Iron Mountain & Southern Rail-
way.    So far as the interference with the operation of this
road is concerned, we are of the opinion that the evidence
shows that there was a substantial compliance with the con-
tract and agreement of the appellant to build a practical road,
in the sense in which the contract was made, and understood by
the parties.    It appears that its operation was suspended for a
much shorter time by reason of high water than the operation
of other roads had been suspended by reason of overflows from
high water.    A reasonable and fair construction of the con-
tract and the evidence in relation to the road and its operation
shows, in our opinion, that there was a substantial compliance
by the appellant with his agreement and undertaking.

But the appellant contends that there was a failure to
comply with the contract to build a "practical road," in this,
that the road was not built to the east bank of Black river, but
only to a point within from 300 to 500 feet of said east bank
of Black river, and that plaintiff had failed to construct the
necessary turntables, Y's, etc.    Turntables and Y's were not
within the contract.

The question of failure to build the road to the east bank

of Black river, if we concede, which we do not, that building of it within from three to five hundred feet of the east bank of Black river was a failure to comply with the letter of the contract substantially, yet this was waived by the third paragraph of the defendant's answer, which is copied in the statement of facts.   The specifications of the grounds upon which the answer relies shows that the fact that the railroad was not built nearer the east bank of Black river than from three to five hundred feet is not one of the grounds relied upon.

Reversed and remanded for a new trial.